**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, Respondent.**

No. 98 EM 2013.

Supreme Court of Pennsylvania.

Sept. 5, 2013.

### ORDER

PER CURIAM.

**AND NOW,** this 5th day of September, 2013, the Application for Leave to File Original Process, the Petition for Writ of Mandamus and/or Extraordinary Relief, and the "Request for Opinion" **are DISMISSED.** *See Commonwealth v. Reid,* 537 Pa. 167, 642 A.2d 453 (1994). The Prothonotary is directed to forward the filings to counsel of record.

Petition for Writ of Habeas Corpus is **DENIED.**

**COMMONWEALTH of Pennsylvania, Respondent**

v.

**John HART, Petitioner.**

No. 106 EM 2013.

Supreme Court of Pennsylvania.

Sept. 6, 2013.

### ORDER

PER CURIAM.

**AND NOW,** this 6th day of September, 2013, the Application for Leave to File Original Process is **GRANTED,** and the

**Kenneth PISIECZKO and Doris Pisieczko, h/w, Appellants**

v.

**The CHILDREN'S HOSPITAL OF PHILADELPHIA, Appellee.**

Superior Court of Pennsylvania.

Argued May 14, 2013.

Filed July 26, 2013.

Reargument Denied Oct. 2, 2013.

Alvin F. deLevie, Philadelphia, for appellants.

Daniel J. Rovner, Berwyn, for appellee.

BEFORE: STEVENS, P.J., LAZARUS, J., and COLVILLE, J.*

* Retired Senior Judge assigned to the Superior Court.

OPINION BY STEVENS, P.J.

Appellants Kenneth Pisieczko and Doris Pisieczko, h/w, appeal from the order of the Court of Common Pleas of Philadelphia County, which granted the petition of Appellee Children's Hospital of Philadelphia ("CHOP") to dismiss Appellants' civil case pursuant to the doctrine of *forum non conveniens*. We affirm.

The relevant facts and procedural history are as follows: Appellants, who are both residents of New Jersey, allege that on November 19, 2012, Mr. Pisieczko was injured while he performed independent contracting work for CHOP in Mays Landing, New Jersey. Complaint, ¶¶ 7–8. Appellants allege that, on the date in question, Mr. Pisieczko was repairing an exterior light atop a pole as part of his contracting work for CHOP. Complaint, ¶ 7. In order to perform this work, Mr. Pisieczko placed a ladder against the pole, which was held by a "spotter." Complaint, ¶ 10. As he ascended the ladder, the pole broke apart and threw him to the ground, causing serious injuries. Complaint, ¶ 11. Appellants claim the dangerous condition presented by the pole was neither obvious nor known at the time of the incident. Complaint, ¶ 14. Appellants commenced this action by filing a Civil Action Complaint in Philadelphia County on May 9, 2012, which presented claims of negligence against CHOP, as well as loss of consortium.

On July 2, 2012, Appellee filed a Petition for Dismissal of Case for *Forum Non Conveniens*, pursuant to 42 Pa.C.S.A. § 5322(e). CHOP argued that New Jersey is the more proper venue for this case since the accident occurred in New Jersey, Appellants are residents of New Jersey, and many of the witnesses reside and work in that area. *See* Petition for Dismissal of Case, *supra*. Appellants filed a Response

to Appellee's Petition for Dismissal of the Case for *Forum Non Conveniens* on July 23, 2012, asserting Philadelphia County is a proper venue since it is the site of CHOP's headquarters, several witnesses work and reside in that forum, and Appellants' choice of forum should not be disturbed. *See* Response to Petition for Dismissal, *supra.*

On August 1, 2012, Appellee filed a Reply to Appellants' Response to Appellee's Petition for Dismissal of the Case for *Forum Non Conveniens.* On August 2, 2012, Appellants filed a Supplemental Response to Appellee's Petition of Dismissal for *Forum Non Conveniens.* That same day, on August 2, 2012, the trial court entered an Order granting Appellee's Petition and dismissing the instant case for *forum non conveniens,* from which Appellants filed this timely appeal.[1] All Pa.R.A.P. 1925 requirements have been met.

Appellants raise the following issues for our review:

A. Did the trial court err as a matter of law and/or abuse its discretion by dismissing plaintiff-appellants' Complaint on the basis of *Forum non Conveniens?*

B. Did the trial court err as a matter of law and/or abuse its discretion in finding that there were sufficiently well-pled facts providing weighty reasons and/or supporting any public and private interest factors in dismissing plaintiff-appellants' Complaint?

C. Did the trial court err as a matter of law and/or abuse its discretion in

finding that, without sufficiently well-pled facts, it was in the interest of substantial justice to hear the matter in another forum?

Appellants' Brief at 5.[2]

■■■ Each of Appellants' issues challenge the trial court's granting of Appellee's Petition for Dismissal of the Case for *Forum non Conveniens,* and for purposes of effective appellate review, we shall consider the issues collectively. Our standard of review of a trial court's ruling on a Petition to Dismiss on the grounds of *forum non conveniens* is abuse of discretion. *Engstrom v. Bayer Corporation,* 855 A.2d 52, 55 (Pa.Super.2004) (citations omitted). An abuse of discretion will be found when the trial court "misapplies the law or exercises [its] judgment in a manner that is manifestly unreasonable or the result of bias, prejudice or ill will." *Hunter v. Shire US, Inc.,* 992 A.2d 891, 896 (Pa.Super.2010). Finally, "if there is any basis for the trial court's decision, the decision must stand." *Engstrom,* 855 A.2d at 55.

The doctrine of *forum non conveniens* has been codified at 42 Pa.C.S.A. § 5322(e), which provides:

(e) Inconvenient forum—when a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

42 Pa.C.S.A. § 5322(e).[3]

■■■ In *Engstrom,* this Court reiterated the two most important factors the trial

1. Since the order dismissing Appellants' civil case disposed of all claims, it is a final, appealable order pursuant to Pa.R.A.P. 341(b)(1).

2. In the Questions Presented section of their brief, Appellants also assert that the trial court erred in ruling on Appellee's petition without hearing oral argument or considering

Appellants' Sur–Reply to Appellee's Petition. We note this issue is waived due to Appellants' failure to develop the argument in their brief. Pa.R.A.P. 2119.

3. 42 Pa.C.S.A. § 5322(e) controls when the alternative venue is out-of-state. When the alternative venue is in-state, Pa.R.C.P. 1006(d)(1) controls.

court must consider in deciding whether *forum non conveniens* under 42 Pa.C.S.A. § 5322(e) requires dismissal. They are that: 1.) the plaintiff's choice of forum should not be disturbed except for "weighty reasons," and 2.) there must be an alternate forum available or the action may not be dismissed. *Engstrom,* 855 A.2d at 55. The *Engstrom* court also provided guidance on the specific public and private factors that the trial court should consider when determining whether sufficiently "weighty reasons" exist to warrant overcoming the plaintiff's choice of forum. The private factors are:

[T]he relative ease of access to sources of proof; availability of compulsory process for attendance of the unwilling, and the cost of obtaining attendance of willing witnesses; [ ... ] and all other practical problems that make trial of a case easy, expeditious, and inexpensive.

*Engstrom,* 855 A.2d at 56. Those public factors that should be considered are:

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is appropriateness, too, in have the trial ... in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.*

In the case *sub judice,* there is no question that an alternative forum exists for Appellants to litigate their case; the trial court specifically noted that Appellants may re-file their case in New Jersey. Trial Court's Opinion, filed December 6, 2012, at 5. We therefore must determine whether the trial court abused its discre-

tion in balancing the public and private factors.

The trial court found that the private factors supporting dismissal are:

The site of the accident and potential witnesses are located in New Jersey, thus trial in New Jersey would facilitate attendance of the parties and witnesses; there is no allegation that the costs of obtaining witnesses would be greater in New Jersey; and a potential view of the accident site would be less complicated logistically with a New Jersey jury.

Trial Court's Opinion, filed December 6, 2012, at 4. The trial court also examined the public factors that are to be considered, finding:

New Jersey courts are less congested than Philadelphia courts. Additionally, a Philadelphia jury has no relation to the litigation because the accident occurred in New Jersey, and the plaintiffs and witnesses to the accident are New Jersey residents. It would be expeditious, with fewer associated costs, to have an Atlantic County Judge familiar with New Jersey law issue the necessary orders and preside over a trial by a jury composed of New Jersey residents.

Trial Court's Opinion, filed December 6, 2012, at 4–5.

Based on these conclusions, the trial court held that there were sufficient "weighty reasons" to warrant overcoming the Appellants' choice of forum. This balancing test combined with the alternative forum of New Jersey led the trial court to dismiss the Appellants' case based on *forum non conveniens* under 42 Pa.C.S.A. § 5322(e). *See* Trial Court's Opinion, filed December 6, 2012, *supra.*

We find no abuse of discretion in the lower court's dismissal of the case *sub judice.* While Appellee's headquarters are located in Philadelphia County, the cause

of action arose from injuries sustained in New Jersey. Complaint, ¶¶ 2, 11. The suit was filed by New Jersey citizens, and presumably many of the witnesses also reside in that state.[4] Complaint, ¶ 1. Furthermore, a possible jury view of the accident site would be more convenient if the trial were held in New Jersey. On the other hand, besides noting that CHOP is headquartered in Philadelphia, Appellants have only put forth the argument that their witnesses (Mr. Pisieczko's doctor and the CHOP representative who hired Mr. Pisieczko) will be burdened by the dismissal.[5] Appellants' Brief at 10–11. Because the private factors indeed favor New Jersey as a more convenient forum, the trial court did not abuse its discretion when it found that the private factors were in favor of dismissing the case. *See Cinousis v. Hechinger Dept. Store*, 406 Pa.Super. 500, 594 A.2d 731 (1991) (affirming trial court decision to dismiss the case for *forum non conveniens* where Plaintiffs were New Jersey residents, site of the accident was in New Jersey, wife-Plaintiff's medical records were located outside of Pennsylvania, witnesses to the accident were likely not Pennsylvania residents, and Plaintiffs had New Jersey as an alternative forum).

Moreover, this Court finds no abuse of discretion in the lower court's examination of the public factors that must be considered. Appellee has put forth statistics which show that the courts of Atlantic County, New Jersey are significantly less burdened than those in Philadelphia County. *See* Petition for Dismissal, Exhibits B, C. Furthermore, the lower court was correct in its conclusion that a Philadelphia jury has no relation to the litigation at hand. Appellants are New Jersey residents suing about an accident that took place in New Jersey; therefore, jury duty ought not to be imposed on the community of Philadelphia. *See Engstrom*, 855 A.2d at 57 (no reason the people of Philadelphia County should bear the burden of jury duty for a case with only tangential connections to Philadelphia County). Finally, it would be more expeditious if the case were heard in Atlantic County since the judges there would have more experience applying New Jersey law than those of Philadelphia County.

Furthermore, Appellants' reliance on the cases of *Shears v. Rigley*, 424 Pa.Super. 559, 623 A.2d 821 (1993), and *Farley v. McDonnell Douglas Truck Serv.*, 432 Pa.Super. 456, 638 A.2d 1027 (1994), is misplaced. In the case of *Shears*, this Court found that there was no abuse of discretion in the lower court's decision not to dismiss the case. *Shears*, 623 A.2d at 823. Rather than assisting Appellants' argument, this case is a clear example of the weighty standard Appellants must meet to show an abuse of discretion. *Id.* at 825 (if there is any basis for the trial court's decision, the decision must stand).

Moreover, the case of *Farley* is also distinguishable from the case *sub judice*. In *Farley*, this Court reversed the lower court's decision to dismiss a case on the grounds of *forum non conveniens* because the court did not consider the threshold question of whether an alternative forum existed. *Farley*, 638 A.2d at 1030. Furthermore, over a year's worth of discovery had taken place in the *Farley* case, which was another factor this Court found relevant in reversing the lower court. *Id.* at 1031. Neither of those factors is present

---

4. The identities of these witnesses have not been ascertained at this point of trial since discovery was only in its infancy stages at the time of dismissal.

5. Appellants also argue that dismissal is unwarranted since Appellee's counsel's office is located in Philadelphia. This argument is without merit because as Appellee notes, the office is not in fact located in Philadelphia County.

in the case *sub judice*. Not only was Appellee's petition promptly filed, but the lower court specifically addressed the issue of whether an alternative forum existed for Appellants. Trial Court's Opinion, filed December 6, 2012, at 5. Moreover, as discussed *supra*, discovery was in its infancy stage in this case.

Therefore, after considering the public and private factors contained in the *Engstrom* analysis and examining the totality of Appellants' arguments, we conclude that the trial court did not abuse its discretion when it granted Appellee's Petition to Dismiss the Case for *Forum non Conveniens*. There is ample evidence to support the trial court's decision and an alternative forum exists for Appellants in New Jersey. Accordingly, we affirm the order dismissing the instant case and note that Appellants may re-file their case in the State of New Jersey.

Affirmed.