J-A01021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAVID W. HOVATTER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CSX TRANSPORTATION, INC. | |
| Appellant | No. 3379 EDA 2016 |

Appeal from the Order Entered July 20, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: 1507-3680

| | |
|---|---|
| EDWARD M. WILSON, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CSX TRANSPORTATION, INC. | |
| Appellant | No. 631 EDA 2017 |

Appeal from the Order Entered October 20, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: 151102678

BEFORE:  LAZARUS, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                      **FILED APRIL 27, 2018**

---

[*] Retired Senior Judge assigned to the Superior Court.

In these consolidated appeals, Appellant, CSX Transportation, Inc., appeals from the denials of its motions to dismiss based on the doctrine of *forum non conveniens* in these actions brought under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60. For the reasons discussed below, we reverse and remand.

We take the underlying facts and procedural history in this matter from the trial court's May 18, and June 27, 2017 opinions and our independent review of the certified record.

Appellee, David W. Hovatter, is a resident of Frostburg, Maryland. He worked for Appellant as a machinist in Cumberland, Maryland. On July 30, 2015, he instituted the instant action pursuant to the FELA for injuries to his knee and leg he alleges he sustained when descending a metal ramp at Appellant CSXT's facility in Cumberland. Appellant filed preliminary objections on September 22, 2015. The trial court sustained the preliminary objections, in part, on November 30, 2015. On December 15, 2015, Appellee Hovatter filed an amended complaint alleging that he suffered an injury on August 3, 2012, when descending a metal ramp at work. (**See** Amended Complaint, 12/15/15, at ¶¶ 7-8). Appellant filed an answer and new matter on January 4, 2016. On May 9, 2016, Appellant filed a motion to dismiss based on the doctrine of *forum non conveniens*. Appellee Hovatter filed an answer on May 31, 2016. The trial court denied the motion on July 1, 2016. On July 20, 2016, Appellant filed a motion to amend the order of July 1, 2016, to allow for

an interlocutory appeal. The trial court granted this request on July 20, 2016. The instant, timely appeal followed. The trial court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On May 18, 2017, the trial court filed an opinion. *See* Pa.R.A.P. 1925(a).

Appellee, Edward M. Wilson, is a resident of Worthville, Kentucky. He worked for Appellant in a variety of locations in Kentucky, Ohio, and Indiana. On November 18, 2015, he instituted the instant action pursuant to the FELA. Appellant filed preliminary objections on January 19, 2016. The trial court sustained, in part, the preliminary objections on February 18, 2016. On March 8, 2016, Appellee Wilson filed an amended complaint alleging that he suffered from cumulative trauma injuries caused by his employment with Appellant. (Amended Complaint, 3/08/16, at ¶¶ 5-12). Appellant again filed preliminary objections, which the trial court overruled. Appellant filed an answer and new matter on June 13, 2016. On July 29, 2016, Appellant filed a motion to dismiss based on the doctrine of *forum non conveniens*. Appellee Wilson filed an answer on August 22, 2016. The trial court denied the motion on October 20, 2016. Appellant filed a motion to amend the order of November 4, 2016, to allow for an interlocutory appeal. The trial court denied this request on January 12, 2017. On December 19, 2016, Appellant filed a petition for review in this Court. On February 23, 2017, this Court granted the petition for review. The instant, timely appeal followed. The trial court did not order

- 3 -

J-A01021-18

Appellant to file a concise statement of errors complained of on appeal. ***See***

Pa.R.A.P. 1925(b). On June 27, 2017, the trial court filed an opinion adopting

its earlier opinion of May 18, 2017. ***See*** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review.

1. Whether Pennsylvania courts may give heightened deference to a plaintiff's choice of forum in applying the doctrine of *forum non conveniens* in a FELA case?

2. Whether the requisite "weighty" reasons for dismissal under the doctrine of *forum non conveniens* exist when an out-of-state plaintiff who had no connection to Pennsylvania sues an out-of-state defendant to recover for injuries allegedly suffered outside of Pennsylvania and all known witnesses reside outside of Pennsylvania[?]

(Appellant's Brief, at 4-5).

On appeal, Appellant challenges the trial court's denial of its motion to

dismiss based on the doctrine of *forum non conveniens* pursuant to 42

Pa.C.S.A. § 5322(e).[1,2] Our standard of review is an abuse of discretion. ***See***

---

[1] When a tribunal finds that in the interest of substantial justice, the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just. ***See*** 42 Pa.C.S.A. § 5322(e).

[2] We emphasize that this matter does not involve an intrastate request to transfer venue based upon *forum non conveniens* pursuant to Pa.R.C.P. 1006(d)(1). In cases where there is a request to transfer a case to another state, 42 Pa.C.S.A. § 5322(e) applies. ***See Pisieczko***, ***infra*** at 1262 n. 3 ("42 Pa.C.S.A. § 5322(e) controls when the alternative venue is out-of-state. When the alternative venue is in-state, Pa.R.C.P. 1006(d)(1) controls."). We stress this distinction because a defendant bears a heavier burden under Rule 1006(d)(1), which allows forum transfers only when the defendant demonstrates that plaintiff's chosen forum is oppressive and vexatious for the

- 4 -

***Pisieczko v. Children's Hosp. of Phil.***, 73 A.3d 1260, 1262 (Pa. Super. 2013).   If there is any valid basis for the trial court's decision, we must affirm. ***See id.***

Pursuant to Section 5322(e), the court may stay or dismiss the matter when "a tribunal finds that in the interest of substantial justice the matter should be heard in another forum[.]"  42 Pa.C.S.A. § 5322(e).   The trial court must apply two factors when considering whether dismissal is warranted:  "1.) the plaintiff's choice of forum should not be disturbed except for 'weighty reasons,' and 2.) there must be an alternate forum available or the action may not be dismissed."[3] ***Pisieczko***, ***supra*** at 1263 (citation omitted).

In deciding whether weighty reasons exist so as to overcome the plaintiff's choice of forum, the trial court must "examine both the private and public interest factors involved." ***Engstrom v. Bayer Corp.***, 855 A.2d 52, 55 (Pa. Super. 2004), *appeal denied sub nom.*, ***Weiding v. Bayer Corp.***, 887

_____

defendant.  ***See Bratic v. Rubendall***, 99 A.3d 1, 7 (Pa. 2014).  Thus, in the Rule 1006(d)(1) context, issues such as whether venue is convenient or a hardship are relevant; those factors are not at issue in a § 5322(e) analysis.

[3] In the present cases, Appellant has agreed to waive any applicable statute of limitations and any objections on the basis of venue or personal jurisdiction. (***See*** Appellant's Brief, at 6, 8).  Thus, there are available alternative forums. ***See Jessop v. ACF Industries, LLC***, 859 A.2d 801, 803 (Pa. Super. 2004) ("A stipulation made by a defendant that he or she will submit to service of process and not raise the statute of limitations as a defense has been accepted by the courts as eliminating the concern regarding the availability of an alternate forum.") (citation omitted).

A.2d 1242 (Pa. 2005).  In **Engstrom**, we set forth the pertinent private and

public factors thusly:

> [The private interests at play include] the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained.  The court will weigh relative advantages and obstacles to a fair trial. . . .

> Factors of public interest also have [a] place in applying the doctrine.  Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin.  Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.  There is appropriateness, too, in having the trial in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in a law foreign to itself.

**Id.** at 56 (citation omitted).

In its first issue, Appellant contends that the trial erred in applying a

heightened deference to Appellees' choice of forum because they brought the

cases pursuant to the FELA.  (**See** Appellant's Brief, at 12-14; Trial Court

Opinion, 5/18/17, at 3).  We agree.

In its decision, the trial court stated:

Specifically, pursuant to 45 U.S.C. § 56 of the FELA, [Appellees have] the right to choose [their] forum to litigate [their] individual FELA personal injury action[s].  Under the FELA, a plaintiff is entitled to bring an action in any district where the defendant is doing business at the time of commencing such action.  In pertinent part, 45 U.S.C. § 56, states:

> [U]nder this chapter, an action may be brought in a District Court of the United States, in the District of the residence of the defendant, or in which the cause of action arose or in which the defendant shall be doing business at the time of commencing such action . . .

45 U.S.C. § 56.

(Trial Ct. Op., at 3). However, in a decision issued approximately two weeks after the trial court issued its opinion, the United States Supreme Court addressed this issue and came to a contrary result. In **BNSF Ry. Co. v. Tyrrell**, 137 S. Ct. 1549, 1553 (2017), like the instant matter, the plaintiffs sued under the FELA in state court. **See Tyrrell**, **supra** at 1553. Again, as in the instant matter, while the defendant did business in the state, it was not incorporated there and its principal place of business was not there. **See id.** The Montana Supreme Court held that it had personal jurisdiction over the case under Section 56. **See id.** The United States Supreme Court disagreed, holding that Section 56:

> is a venue prescription governing proper locations for FELA suits filed in **federal court**. The provision's second relevant sentence, using the term "concurrent" jurisdiction, refers to subject-matter jurisdiction, not personal jurisdiction. It simply clarifies that the federal courts do not have exclusive subject-matter jurisdiction over FELA suits; state courts can hear them, too.

**Id.** (emphasis added). The Court stated that the mere fact that the case was brought under the FELA was insufficient to vest personal jurisdiction in a state where none of the events at issue occurred, none of the parties resided, and the state was not the defendant's place of incorporation or principal place of

business. *See id.* at 1558-59. It found that simply having tracks and employees located in the state was not enough to give the Montana court personal jurisdiction over the matter. *See id.*

The holding in *BNSF* is in line with earlier United States Supreme Court precedent. In *Missouri ex rel. S. Ry. Co. v. Mayfield*, 340 U.S. 1 (1950), the Supreme Court held that states courts have to apply the doctrine of *forum non conveniens* to FELA cases in the same way they apply it to any other cases. *See Mayfield*, *supra* at 4; *see also Rini v. New York Cent. R.R. Co.*, 240 A.2d 372, 374-75 (Pa. 1968) (applying normal Pennsylvania standard to doctrine of *forum non conveniens* in FELA case); *Norman v. Norfolk & W. Ry. Co.*, 323 A.2d 850, 855-56 (Pa. Super. 1974) (same and reversing trial court's denial of defendant's preliminary objections based upon doctrine of *forum non conveniens*). Thus, we find that the trial court erred in finding that Section 56 applied to the instant matter and in granting heightened deference to Appellees' choice of forum based upon its application. *See Tyrell*, *supra* at 1553.

In its second issue, Appellant alleges that "[u]nder generally applicable Pennsylvania law, [its] unrelated business activity in Pennsylvania is not a valid basis for denying [its motion to dismiss.]" (Appellant's Brief, at 14) (unnecessary capitalization omitted). Again, we agree.

Here, Appellant avers the following in support of its position that dismissal is proper. Neither Appellee resides in Pennsylvania. (*See id.* at 7-

8). Appellee Hovatter resides in Maryland, while Appellee Wilson is a resident of Kentucky. (*See id.* at 7). Appellant is incorporated in Virginia and its principal headquarters is in Jacksonville, Florida. (*See id.*).

As previously noted, Appellant Hovatter's injury occurred at Appellant's facility in Cumberland, Maryland. (*See id.*). Appellant Wilson alleged that he sustained injuries to his knees, lower back, and neck during the course of his employment at Appellant's facilities in Kentucky, Ohio, and Indiana. (*See id.* at 8-9).

Appellee Hovatter received all of his medical treatment in Maryland. (*See id.* at 7). His claim concerns working conditions at a facility in Maryland and any witnesses to either the working conditions or his injury are located in Maryland. (*See id.*).

Appellee Wilson received all of his medical treatment in Kentucky and Ohio. (*See id.* at 9). All of his claims arise from alleged acts and omissions of Appellant in Kentucky, Ohio, Indiana, or Florida. (*See id.*). There are no relevant witnesses to any of the working conditions in Pennsylvania. (*See id.* at 9-10).

There are no relevant employment records or other documents of relevance to either case in Pennsylvania. (*See id.* at 20). Appellant states that all sources of proof in these matters are located outside of Pennsylvania. (*See id.* at 22).

Appellant argues that because all of the witnesses it is likely to call reside outside of Pennsylvania, it will be more difficult to compel their presence at trial. (*See id.* at 23). It contends that even if the some of the witnesses are willing to attend, it will be costly and inconvenient. (*See id.* at 24-25). If the jury wished to view any of the facilities or the ramp on which Appellant Hovatter sustained his injury, they would be unable to. (*See id.* at 24-25). It maintains both that it would be easier and significantly less expensive if the cases were venued in their home forums. (*See id.* at 25).

We agree. As delineated above, all relevant events in both cases occurred outside of Pennsylvania. All witnesses, including medical personnel, reside outside of Pennsylvania. All relevant documentation is located outside of Pennsylvania. Neither Appellee resides in Pennsylvania nor is Appellant incorporated in Pennsylvania and it does not maintain its principal headquarters here. It will be difficult for Appellant to compel witness attendance at trial in Pennsylvania and any discovery disputes will have to be resolved through states courts in the relevant states. Appellants have demonstrably shown that Maryland and, in the case of Appellee Wilson, either Kentucky or Ohio will provide ease of access to sources of proof, which are some of the private factors we must consider. These factors are particularly compelling here and strongly warrant dismissal of this action. *See Engstrom*, *supra* at 55; *see also Pisieczko*, *supra* at 1264 ("Because the private factors indeed favor New Jersey as a more convenient forum, the trial court

did not abuse its discretion when it found that the private factors were in favor of dismissing the case.") (citation omitted). Appellant has unequivocally demonstrated that there are no obstacles to a fair trial in Maryland, Kentucky, or Ohio and that trial in these jurisdictions would be easier, more expeditious, and less expensive. Hence, all of the above-discussed private factors favor dismissal. **See Engstrom**, **supra** at 55; **see also Pisieczko**, **supra** at 1264; **Rini**, **supra** at 374-75 (affirming grant of motion to dismiss for *forum non conveniens* in FELA case where cause of action arose outside of Pennsylvania; neither plaintiff nor any witnesses resided within or had any connection to Allegheny County; and no witnesses were within subpoena range of Court of Common Pleas of Allegheny County); **Norman**, **supra** at 855-56 (holding trial court abused its discretion in denying motion to dismiss for *forum non conveniens* in FELA case where only connection to county in question was that plaintiff's expert witness resided there).

Moreover, all of the public factors weigh in favor of trying this action in the Appellees' home forums. As Appellant correctly notes, the courts in Philadelphia County are extremely congested and have "become a magnet for tort suits . . . [which] have no connection whatever to Pennsylvania." (Appellant's Brief, at 30). We see no reason to impose jury duty on Pennsylvania citizens for FELA actions that arose in other states and involved citizens of those states. **See Engstrom**, **supra** at 57 ("[t]here is simply no valid reason that the people of Philadelphia County should bear the burden of

adjudicating th[ese] case[s], including jury duty and the expense of conducting a trial.") (citation omitted). We note that the third factor is inapplicable since this case involves federal law.

In short, we cannot find any basis upon which to distinguish this matter from the cases of *Rini*, *supra*; *Pisieczko*, *supra*; *Engstrom*, *supra*; and *Norman*, *supra*. In each of these cases, our Courts strongly upheld the principle that simply doing business in a state was insufficient to sustain venue under the doctrine of *forum non conveniens* when there was no other connection between the chosen forum and the case. *See Rini*, *supra* at 374-75; *Pisieczko*, *supra* at 1264; *Engstrom*, *supra* at 55; *Norman*, *supra* at 855-56.

Each of the considerations present in these case is present herein. The cause of action arose outside of Pennsylvania. All parties and witnesses are residents of other states. Appellant established unequivocally that there will be significant burdens associated with trying the case in Pennsylvania. The Philadelphia courts are overly congested and a Philadelphia jury should not be taxed with trying a case with which it has no relation. All of the private and the majority of the public factors support dismissal under § 5322(e).

Moreover, the trial court failed to offer any valid basis for its action. As discussed above, its reliance on 45 U.S.C. § 56 was in error. It offered no legal support for its contention that advances in technology somehow obviate the fact that no parties, witnesses, or evidence are in Pennsylvania. (*See*

Trial Ct. Op., at 5). It discounted the possibility of a view of the premises and indicated that videotape or photographs could serve as a substitute for a viewing. (*See id.* at 5-6). We disagree. Its contention that Appellant could "transport the ramp" in question in Appellee Hovatter's case to Philadelphia borders on the absurd. (*Id.* at 6). Moreover, its finding that because Appellant hauls freight it could make arrangements to transport people to travel to Philadelphia is irrelevant. In so finding, the trial court also inexplicably failed to consider the fact that all of the witnesses in these case are beyond the subpoena power of Pennsylvania, and it will be cumbersome to compel their presence at trial. It never discussed the difficulties of conducting discovery in Pennsylvania with respect to witnesses and documents located in other states. Finally, it provides no support for its analysis that Philadelphia juries have interest in a FELA case because Appellant transports cargo on rail lines located within Philadelphia. And, again, its analysis of 45 U.S.C. § 56 is flawed.

Moreover, Appellees' arguments in support of keeping the matters venued in Philadelphia are largely misplaced. The first four pages of their argument rely on Section 56 and Appellees ignore the fact that their position has been foreclosed by *Tyrrell*, *supra*. (*See* Appellees' Brief, at 4-7); *see also Tyrrell*, *supra* at 1553. The remainder of their argument consists of citations to boilerplate law, summaries of holdings without addressing how

those holding apply to the facts of the instant matter, and lengthy quotations from the trial court opinion. (***See*** Appellant's Brief, at 8-18).

Appellees rely largely on the fact that Philadelphia is their chosen forum and that at least some of the medical witnesses have agreed to testify via videotape. (***See id.*** at 11, 13-15). At no point do they discuss the fact that the instant matter has no relationship to Pennsylvania. Moreover, they mention that Appellant did not establish that this jurisdiction would be inconvenient. (***See id.*** at 11-13). Whether a venue is burdensome, a hardship, or a convenience is pertinent to the Pa.R.C.P. 1006(d)(1) test; not the test utilized under § 5322(e). Appellees have not addressed the key questions, which are whether discovery will be more difficult due to the fact that it will have to be conducted through out-of-state courts, and whether out-of-state witnesses can be compelled to appear in Philadelphia, regardless of the convenience of that forum.

Appellees also complain that Appellant has failed to specify what out-of-state witnesses they would need to call or who would be "inconvenienced if required to testify in Philadelphia." (Appellees' Brief, 12). This argument is a non-sequitur because that is the purpose of discovery, which Appellant is hindered in conducting in Pennsylvania. More importantly, it is incorrect. It is untenable to maintain that people who may have witnessed Appellee Hovatter's accident, or who worked at the allegedly unsafe facilities in question will not have information relevant to this matter.

With respect to the public factors, Appellees merely adopt trial court arguments that we have already rejected. (*See id.* at 15-18). Moreover, their argument that because Appellant does business in Philadelphia a jury in that location has the right to decide if it provides "a reasonably safe place to work" (in other states), (*id.* at 11), fails to address the relevant issue, which is whether jury duty should be imposed upon individuals in a county which has no relation to the litigation. As discussed above, Philadelphia has no relation to cases involving an accident at a Maryland facility or working conditions at facilities in Kentucky, Ohio, and Indiana. The fact that Appellant conducts business in Philadelphia does not mean that the litigation is subject to personal jurisdiction in this Commonwealth. *See Jessop*, *supra* at 807 (holding plaintiff did not prove Pennsylvania jury had relation to litigation, which involved activities that occurred in Kansas, based on fact that defendant did business in this Commonwealth and citizens of Pennsylvania might have interest in litigation).

Accordingly, for the reasons discussed above, we are constrained to reverse and remand with directions that the court enter an order dismissing the complaint without prejudice to the right of Appellees to refile the lawsuits in Maryland with respect to Appellee Hovatter, and Kentucky or Ohio with respect to Appellee Wilson. Appellant shall accept service, and is prohibited from asserting lack of personal jurisdiction in the states of Maryland, Kentucky, or Ohio on the defense of the statute of limitations.

Order reversed with directions. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/27/18